UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROY W. POYNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:10-cv-01478-TWP-DKL |
| MICHAEL J. ASTRUE Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on the motion by Plaintiff Roy W. Poynter ("Mr. Poynter") for an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the Court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. Mr. Poynter seeks an award of $4,382.00, which includes $4,032.00 in fees and $350.00 in costs.

**I.    DISCUSSION**

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover his fees must be timely and supported by an itemized statement from the party's attorney "stating

the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Mr. Poynter's fee request solely on the ground that Mr. Poynter has not shown that an increase in the cost of living since 1996 or a special factor (such as the limited availability of qualified attorneys) justifies a rate over $125.00, as addressed by the Seventh Circuit in *Mathews–Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). The Commissioner contends, therefore, that Mr. Poynter is entitled to fees only at the $125.00 rate plus expenses, for a total award of $3,150.00[1]

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125.00 per hour "unless the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). In *Mathews-Sheets*, the court found that the EAJA does not automatically entitle an attorney to an inflation adjustment, and one is not presumed even though the $125.00 cap rate was set in March 1996. The court stated that "[i]nflation affects different markets, and different costs in the same market, in different ways," and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Mathews-Sheets*, 653 F.3d at 563. *Mathews-Sheets* requires a claimant to show something more than an increase in the lawyer's hourly rate based

---

[1] The Commissioner asks the Court to limit the fee award to $2,800.00, but this does not take into account the requested costs of $350.00, which represents the filing fee.

solely upon an increase in the Consumer Price Index ("CPI"). "An inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64.

The *Mathews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that inflation has increased the cost of legal services available to persons seeking redress against the government, and courts have admittedly struggled to establish a definitive set of factors that must be demonstrated. *See Gonzales v. Astrue*, No. 1:10-cv-00899-DML-TWP, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012). The courts in this district have articulated several examples of factors that may be shown in order to demonstrate specifically how inflation has increased an attorney's costs in providing legal services. Counsel may produce evidence of increased costs of overhead, including rent, supplies, continuing legal education, online legal research or legal staff's salaries, and how the lawyer's fees for non-contingency cases have increased since 1996, as well as affidavits from attorneys who charge above the $125.00 statutory rate in non-contingency social security cases. *See e.g.*, *Baldwin v. Astrue*, No. 1:11-cv-00444-RLY-DKL, Dkt. 30 (S.D. Ind. May 3, 2012) (citing *Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb 16, 2012)); *but cf. Mathews-Sheets v. Astrue*, No. 1:08-cv-1426-WTL-DML, 2012 WL 566108, at *2-3 (S.D. Ind. Feb. 21, 2012) (simply listing increased costs without explaining to what extent these were due to inflation deemed insufficient to justify increased hourly rate). Though this list is not exhaustive, essentially the lawyer must show that inflation has had an impact on the costs of providing legal services to social security claimants, not just that the CPI alone warrants a general increase.

The Commissioner contends that a lawyer must present proof that without a cost-of-living increase, no lawyer can be found in the relevant geographical area to competently handle

3

the client's judicial challenge to the denial of disability benefits. Although a sentence can be extracted from the opinion in *Mathews-Sheets* to support this argument, the Seventh Circuit noted that the merging of these two separate bases to justify an increased hourly rate under the EAJA is not the correct standard. *Id.* at 565 ("It might seem that because the cost of living special factor is not automatic, the two enumerated special factors merge; the lawyer arguing for a cost of living increase must show limited availability of lawyers able to handle such a case. But that is not correct."). *Mathews-Sheets* does not limit the availability of a fee higher than $125.00 based on an increase in the cost of living only where the lawyer can prove that qualified attorneys would not otherwise be available. The limited availability of qualified attorneys is simply an example of a "special factor" that may be shown to justify an increased hourly rate. 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, *such as* the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).

Mr. Poynter requests an hourly rate of $180.00 for 22.4 hours of work performed. However, he has not met the minimal burden required by *Mathews–Sheets* in providing some basis for the requested increase in the statutory rate beyond a showing of an increase in the CPI. He has also not argued any "special factors" that may justify an increased hourly rate. The Court agrees, however, that $125.00 per hour may not be the appropriate rate, and that there has certainly been inflation since this rate was set in 1996. Nevertheless, the Court is bound to follow the requirements articulated by the Seventh Circuit in *Mathews-Sheets*. Therefore, Mr. Poynter shall have fourteen (14) days from the date of entry of this order to provide the Court and the Commissioner with additional information in support of the requested hourly rates.

## II.     CONCLUSION

For the forgoing reasons, Mr. Poynter's motion for an award of attorney's fees (Dkt. 20) is **GRANTED in part**.  Mr. Poynter shall be entitled to fees for 22.4 hours, and costs of $350.00.  Mr. Poynter shall have fourteen (14) days from the date of entry of this order to provide to the Court and the Commissioner additional information to support the hourly rate requested in Mr. Poynter's motion.

**SO ORDERED.**

Date: 05/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov